## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS SOBIECH, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>U.S. GAS & ELECTRIC, INC., i/t/d/b/a PENNSYLVANIA GAS & ELECTRIC; ENERGY SERVICES PROVIDERS, INC., i/t/d/b/a PENNSYLVANIA GAS & ELECTRIC; and PENNSYLVANIA GAS & ELECTRIC,<br><br>        Defendants. | No.: 2:14-CV-04464-GAM<br><br><br>**CLASS ACTION** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## <u>TABLE OF CONTENTS</u>

I.     Introduction and Background ........................................................................................1

II.    Settlement Terms ........................................................................................................3

III.   Proposed Timetable ....................................................................................................4

IV.    Preliminary Certification of the Settlement Class for Purposes of  Disseminating
       for Purposes of Disseminating Notice is Appropriate ..........................................5

V.     The Settlement Should be Preliminarily Approved ..............................................11

       A.     The Settlement Should Be Preliminarily Approved .............................. 12

       B.     The Proposed Notice Program Satisfies Rule 23 and  Due Process
              and Should Be Approved ....................................................................... 14

              1.     The Proposed Notice Program is Adequate .............................. 14

              2.     The Form and Content of the Class Notice is Adequate.......................... 15

              3.     The Proposed Claim Form is Adequate .................................... 16

VI.    Plaintiff's Counsel Should Be Appointed As Class Counsel............................................16

VII.   Conclusion ................................................................................................................17

# TABLE OF AUTHORITIES

CASES                                                                          PAGE(S)

*Amchem Prods., Inc. v. Windsor,*
   521 U.S. 591 (1997)..................................................................................................5

*Baby Neal for & by Kanter v. Casey,*
   43 F.3d 48 (3d Cir. 1994)......................................................................................7, 9

*Carlough v. Amchem Products, Inc.,*
   158 F.R.D. 314 (E.D. Pa. 1993)...............................................................................14

*Cumberland Farms, Inc. v. Browning Ferris Ind.,*
   120 F.R.D. 642 (E.D. Pa. 1988)............................................................................6, 8

*Curiale v. Lenox Grp., Inc.,*
   2008 WL 4899474 (E.D. Pa. Nov. 14, 2008) .........................................................12

*Fisher v. Virginia Elec. and Power Co.,*
   217 F.R.D. 201 (E.D. Va. 2003) ...............................................................................9

*Gates v. Rohm and Haas Co.,*
   248 F.R.D 434 (E.D. Pa. 2008)..........................................................5, 11, 12, 13

*Gen. Tel. Co. of Sw. v. Falcon,*
   457 U.S. 147 (1982)..................................................................................................6

*Georgine v. Amchem Prods., Inc.,*
   83 F.3d 610 (3d Cir. 1996)......................................................................................11

*In re Auto. Refinishing Paint Antitrust Litig.,*
   MDL No. 1426, 2004 WL 1068807 (E.D. Pa. May 11, 2004) ................................12

*In re Automotive Refinishing Paint Antitrust Litig.,*
   2003 WL 23316645 (E.D. Pa. Sept. 5, 2003) ........................................................13

*In re Certainteed Corp. Roofing Shingle Prods. Liab. Litig.,*
   269 F.R.D. 468 (E.D. Pa. 2010)................................................................................5

*In re Community Bank of Northern Virginia,*
   418 F.3d 277 (3d Cir. 2005)....................................................................................11

*In re Flat Glass Antitrust Litig.,*
   191 F.R.D. 472 (W.D. Pa. 1999) .........................................................................6, 7

*In re General Motors Corp. Pick-up Fuel Tank Litig.*,
  55 F.3d 768 (3d Cir. 1995)..................................................................5, 11

*In re Hydrogen Peroxide Antitrust Litig.*,
  552 F.3d 305 (3d Cir. 2008)....................................................................6

*In re Linerboard Antitrust Litig.*,
  292 F. Supp. 2d 631 (E.D. Pa. 2003) ...................................................13

*In re Mercedes-Benz Antitrust Litig.*,
  213 F.R.D. 180 (D.N.J. 2003)...............................................................10

*In re National Football League Players' Concussion Injury Litig.*,
  301 F.R.D. 191 (E.D. Pa. 2014)............................................................12

*In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions*,
  148 F.3d 283 (3d Cir. 1998)..........................................................7, 8, 10

*In re Prudential Insurance Co. of America Sales Practices Litig.*,
  177 F.R.D. 216 (D.N.J. 1997)...............................................................14

*In re School Asbestos LItig.*,
  104 F.R.D. 422 (E.D. Pa. 1984) *aff'd in part and rev'd in part sub nom. In re
  School Asbestos Litig*, 789 F.2d 996 (3d Cir. 1986) ...............................7

*In re Warfarin Sodium Antitrust Litig.*,
  212 F.R.D. 231 (D. Del. 2002) .............................................................11

*In re Warfarin Sodium Antitrust Litig.*,
  391 F.3d 516 (3d Cir. 2004)..................................................................10

*Jones v. Commerce Bancorp, Inc.*,
  2007 WL 2085357 (D.N.J. July 16, 2007)............................................13

*Klingensmith v. BP Products North America, Inc.*,
  2008 WL 4360965 (W.D. Pa. Sept. 24, 2008).......................................11

*Lake v. First Nationwide Bank*,
  156 F.R.D. 615 (E.D. Pa. 1994) ...........................................................13

*Mehling v. New York Life Ins. Co.*,
  246 F.R.D. 467 (E.D. Pa. 2007)............................................................13

*Mullane v. Cent. Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950)..............................................................................14

*O'Keefe v. Mercedes Benz USA, LLC*,
  214 F.R.D. 266 (E.D. Pa. 2003).............................................................9

*Petruzzi's, Inc. v. Darling-Delaware Co.*,
   880 F. Supp. 292 (M.D. Pa. 1995) ................................................................13

*Philadelphia Elec. Co. v. Anaconda Am. Brass Co.*,
   43 F.R.D. 452 (E.D. Pa. 1968) ......................................................................6

*Rodriguez v. McKinney*,
   156 F.R.D. 118 (E.D. Pa. 1994) .....................................................................9

*Sala v. National Railroad Passenger Corp.*,
   120 F.R.D. 494 (E.D. Pa. 1988) .....................................................................9

*Seidman v. American Mobile Sys., Inc.*,
   157 F.R.D. 354 (E.D. Pa. 1994) ..................................................................6, 8

*Stewart v. Abraham*,
   275 F.3d 220 (3d Cir. 2001) .........................................................................6, 7

*Wal–Mart Stores, Inc. v. Dukes*,
   131 S.Ct. 2541 (2011) ...........................................................................5, 6, 12

*Wolgin v. Magic Marker Corp.*,
   82 F.R.D. 168 (E.D. Pa. 1979) .......................................................................6

## RULES

Fed. R. Civ. P. 23 *et seq.* ............................................................................ passim

This brief is submitted in support of preliminary approval of a class action settlement between Plaintiff Thomas Sobiech ("Plaintiff") and Defendants U.S. Gas & Electric, Inc. i/t/d/b/a/ Pennsylvania Gas & Electric, Energy Services Providers, Inc. i/t/d/b/a Pennsylvania Gas & Electric and Pennsylvania Gas & Electric (together, "Defendants").  As detailed below, this settlement satisfies Fed. R. Civ. P. 23 and is fair, reasonable, and adequate.  Consequently, Plaintiff respectfully requests that preliminary approval be granted.

## I.   <u>Introduction and Background</u>

This class action lawsuit arises from allegations that the electric energy supply activities of the Defendants constitutes breach of contract and breach of the covenant of good faith and fair dealing and warrant declaratory relief and damages.  Defendants deny these allegations.

Plaintiff also participated as an intervenor in the Pennsylvania Public Utility Commission action captioned *Commonwealth of Pennsylvania, by Attorney General Kathleen G. Kane, Through the Bureau of Consumer Protection, And Tanya J. Mccloskey, Acting Consumer Advocate, v. Energy Services Providers, Inc. d/b/a Pennsylvania Gas & Electric*, at Docket No. C-2014-2427656 (the "PUC Action"), wherein the allegations encompassed those asserted in this action.  The Settlement fund in that case totaled $2,325,000, in addition to the $4,511,563 Defendants had previously provided voluntarily to customers as refunds.

Plaintiff, Thomas Sobiech, on behalf of himself and the Settlement Class has entered into a Settlement Agreement with Defendants.  Plaintiff and Defendants executed a Settlement Agreement on February 13, 2017 after months of negotiations conducted by Plaintiff's counsel and Defendants' counsel and nearly two years of active litigation.  A copy of the Settlement Agreement (and all supporting exhibits) is attached hereto as Exhibit "A-1."  The negotiations,

conducted by experienced and able counsel, were lengthy, vigorous, and at all times conducted at arms-length.

As of the execution date of the Settlement Agreement, Plaintiff has conducted substantial discovery.  Therefore, he has sufficient information to be able to weigh the strengths and weaknesses of his case and to conclude that a settlement on the terms set forth below is in the best interests of the proposed Settlement Class members.

The Settlement Agreement resolves all of the claims asserted in this case and confers substantial benefits on the Settlement Class, defined as: "All persons in the Commonwealth of Pennsylvania who purchased electricity from Defendants at any time during the Class Period." ("Settlement Class").[1]

Plaintiff now moves the Court to enter a Preliminary Approval Order that will: (1) preliminarily approve the Class Action Settlement; (2) preliminarily certify the proposed class described in the Settlement Agreement (the "Settlement Class") for purposes of the settlement; (3) preliminarily designate Plaintiff and his counsel, Jonathan Shub of Kohn, Swift & Graf, P.C. and Troy M. Frederick of Marcus & Mack, P.C., as Representatives of the Settlement Class and Class Counsel for the Settlement Class, respectively; (4) preliminarily approve the terms of the Settlement Agreement; (5) direct that notice be published pursuant to the terms of the proposed notice plan; (6) find that such notice constitutes the best notice practicable under the circumstances; (7) schedule dates by which the parties and Settlement Class members are to comply with their requirements and obligations as more fully described in the proposed Order

---

[1] Excluded from the Settlement Class are: Defendants, any entities in which they have a controlling interest, any of their parents, subsidiaries, affiliates, officers, directors, employees and members of such person's immediate family and the presiding judge(s) in this case and their immediate family, and any person who has previously released claims against the Defendants including, but not limited to persons who released claims against the Defendants pursuant to the settlement of the PUC Action.  "Class Period" means any time up to and including the date of execution of the Settlement Agreement.

filed concurrently herewith; and (8) set a hearing date for the final approval of the proposed

settlement and an award of attorneys' fees and costs.

Plaintiff submits that the proposed settlement satisfies the required standards for

preliminary approval, and respectfully requests that the Court preliminary approve the

settlement, preliminarily certify the Settlement Class, and authorize dissemination of notice

pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

## II.   <u>Settlement Terms</u>

Defendants have agreed to pay a Settlement Amount of one million two hundred fifty

thousand dollars ($1,250,000).  The Settlement Amount shall be distributed evenly to all

members of the Settlement Class that submit valid and timely Claim Forms and who have not

previously released claims against the Defendants including, but not limited to, persons who

released claims against the Defendants pursuant to the settlement of the PUC Action.

Defendants have also agreed that, subject to the Court's final approval, Plaintiff may seek an

incentive award in recognition of the amount of time and effort expended in acting as

Representative of the Settlement Class.  Defendants agreed not to oppose the payment of an

amount not to exceed two thousand dollars ($2,000) to Plaintiff.

Defendants also agreed that, subject to the court's final approval, Class Counsel will be

entitled to seek an award of attorney's fees and costs of up to four hundred seventy-five thousand

dollars ($475,000.00).  The award will be paid by Defendants, a payment that is separate from

and addition to the payment of the Settlement Amount to the eligible members of the Settlement

Class.

Additionally, separate and apart from paying the sums described above, Defendants shall also pay the costs of notice to the Settlement Class and the cost of settlement and claims administration.

## III.   Proposed Timetable

The Settlement Agreement and the proposed Preliminary Approval Order set forth an orderly procedure and timetable for disseminating notice to the Settlement Class and for final approval:

(1)   Summary Notice to be published within forty-five (45) days after the entry of the Court's order preliminary approving the settlement, and posted on the Internet at a website dedicated to this litigation;

(2)   No later than one hundred twenty (120) days after the entry of the Preliminary Approval Order, Defendants shall certify to the Court compliance with the notice provisions pursuant to the Settlement Agreement;

(3)   Any requests for exclusion from the Settlement Class must be postmarked no later than one hundred twenty (120) days after the entry of the Preliminary Approval Order;

(4)   Plaintiff's motion for final approval of the settlement to be filed within one hundred twenty-five (125) days from the entry of the Preliminary Approval Order;

(5)   Plaintiff's motion for attorneys' fees, expenses, and service awards to be filed within one hundred (100) days after the entry of the Preliminary Approval Order;

(6)   Any objections to the settlement or to the request for expenses must be filed with the Court and served on Class Counsel and counsel for Defendants no later than one hundred twenty (120) days after the entry of the Preliminary Approval Order; and

(7)   The parties to the proposed settlement respectfully request that the final fairness hearing be scheduled on or after one hundred thirty-five (135) days after the entry of the entry of the Preliminary Approval Order.

**IV.**   **Preliminary Certification of the Settlement Class for Purposes of Disseminating for Purposes of Disseminating Notice is Appropriate**

At this juncture, Plaintiff is only seeking authorization from the Court to send notice to the Settlement Class members.  Plaintiff will later seek final approval of the settlement and the Settlement Class after notice and the opportunity for the members of the Settlement Class to opt-out or present their views of the Settlement.  As with the preliminary approval of the settlement, Plaintiff will address the factors for final certification of the Settlement Class for purposes of the settlement with the Defendants in his final approval papers.  As a general matter, an action may be certified for class treatment for settlement purposes only.  *See, e.g., Amchem Prods., Inc. v. Windsor,* 521 U.S. 591 (1997); *In re General Motors Corp. Pick-up Fuel Tank Litig.*, 55 F.3d 768, 777-78 (3d Cir. 1995).  The Court first approves preliminary certification of the class.  *In re Certainteed Corp. Roofing Shingle Prods. Liab. Litig.*, 269 F.R.D. 468, 476 (E.D. Pa. 2010); *Gates v. Rohm and Haas Co.*, 248 F.R.D 434, 439 (E.D. Pa. 2008).  Final certification of the class is determined by the court at the same time as the court rules on final approval of the settlement class.  *In re Certainteed*, 269 F.R.D. at 476; *Gates*, 248 F.R.D. at 439.

A proposed class settlement must satisfy the requirements of Federal Rule of Civil Procedure 23(a), that is, that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a), *see also Amchem,* 521 U.S. at 620 (requiring proponents of class certification to demonstrate that all of the Rule 23(a) requirements are met).  Additionally, "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)."  *Wal–Mart Stores, Inc. v. Dukes,* 131 S.Ct. 2541, 2548 (2011).  Under Rule 23(b)(3), a class action

may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  "A party seeking class certification must affirmatively demonstrate his compliance with" Rule 23.  *Dukes,* 131 S.Ct. at 2551.  "Class certification is proper only 'if the trial court is satisfied, after a rigorous analysis, that the prerequisites' of Rule 23 are met."  *In re Hydrogen Peroxide Antitrust Litig.,* 552 F.3d 305, 309 (3d Cir. 2008) (quoting *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 161 (1982)).

The first requirement for maintaining a class action under Rule 23(a) is that the proposed class be so numerous that joinder of all members is "impracticable."  Fed. R. Civ. P. 23(a)(1). This requirement does not necessitate a showing that joinder is impossible, but only that joining all class members would be "impracticable," *i.e.*, difficult or inconvenient.  *See In re Flat Glass Antitrust Litig.,* 191 F.R.D. 472, 477 (W.D. Pa. 1999)("*Flat Glass*").

"[T]here is no magic minimum number necessary to satisfy the ... numerosity requirement."  *Seidman v. American Mobile Sys., Inc.*, 157 F.R.D. 354, 359 (E.D. Pa. 1994). When considering the number of class members necessary to satisfy the numerosity requirement, this court has recognized that classes as small as 25 may prove sufficient.  *Philadelphia Elec. Co. v. Anaconda Am. Brass Co.,* 43 F.R.D. 452, 463 (E.D. Pa. 1968); *see also Stewart v. Abraham,* 275 F.3d 220, 266 (3d Cir. 2001) (a class with more than 40 will satisfy the numerosity requirement).  In addition, when considering the numerosity of the class, "[i]t is proper for the court 'to accept common sense assumptions in order to support a finding of numerosity.'" *Cumberland Farms, Inc. v. Browning Ferris Ind.,* 120 F.R.D. 642, 645 (E.D. Pa. 1988) (quoting *Wolgin v. Magic Marker Corp.,* 82 F.R.D. 168,171 (E.D. Pa. 1979)).

As the Settlement Class includes current and former customers of Defendants, totaling about 150,000, it is estimated to far exceed 40 members, rendering joinder impracticable.  This includes customers who contracted to purchase energy at both fixed and variable rates. Thus, the numerosity requirement is satisfied.

The second requirement of Rule 23(a), commonality focuses on whether there exists questions of law or fact common to the class.  The Third Circuit has "a very low threshold for commonality."  *See e.g., Flat Glass,* 191 F.R.D. at 478; *In re School Asbestos LItig.*, 104 F.R.D. 422, 429 (E.D. Pa. 1984) *aff'd in part and rev'd in part sub nom. In re School Asbestos Litig*, 789 F.2d 996 (3d Cir. 1986).    The "threshold of commonality is not high."  *School Asbestos Litig.*, 789 F.2d at 1010.  To satisfy the commonality requirement, plaintiffs must demonstrate that ""at least one question of fact or law' is common to each member of [the] prospective class." *Stewart v. Abraham*, 275 F.3d 220, 227 (3d Cir. 2011).  Class members do not have to share identical claims or claims arising from the same operative facts.  *See In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions*, 148 F.3d 283, 310 (3d Cir. 1998); *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 57 (3d Cir. 1994) (factual differences in the claims of class members do not defeat certification).

Here, there are many common issues of fact and law, to wit, whether Defendants misrepresented material facts concerning the rates Defendants charged for supplying electric service to Plaintiffs and Claims and whether Defendants breached the price terms in their agreements with Plaintiff and the Class.  As a result of Defendants' alleged misrepresentations and breaches of their agreements, Plaintiff and the Members of the Class all allegedly incurred significant overcharges for electricity.

Rule 23(a)(3) requires that the Representative Plaintiff's claims or defenses be "typical"

of the claims or defenses of the class. Rule 23(a)(3) requires that the claims of the representative parties be typical of the claims of the class. The typicality requirement "is a safeguard against interclass conflicts, ensuring that the named Plaintiff's interests are more or less coextensive with those of the class." *Cumberland Farms,* 120 F.R.D. at 646 (E.D. Pa. 1988). "The threshold for establishing typicality is low, and Rule 23(a)(3) will be satisfied as long as the factual or legal position of the named Plaintiff is not markedly different from that of the other members of the class." *Seidman*, 157 F.R.D. at 360 (internal quotations and citations omitted). "Typicality is not identical," and atypical elements of a claim may be adequately treated by using subclasses. *Id.* (citations omitted). In fact, "'even relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories' or where the claim arises from the same practice or course of conduct." *In re Prudential Ins. Co. American Sales Litigation,* 148 F.3d 283, 311 (3d Cir. 1998)

Here, the claims of the Plaintiff and the members of the Settlement Class arise from the same conduct. There are no unique facts or circumstances that would render Plaintiff as atypical. This same alleged conduct caused the same alleged injury to members of the Settlement Class.

The final requirement, adequacy, requires that a representative party must fairly and adequately protect the interests of the class. Adequate representation depends on two factors: (a) the Plaintiff's attorneys must be qualified, experienced and generally able to conduct the proposed litigation; and (b) the Plaintiff must not have interests antagonistic to those of the class. *Seidman*, 157 F.R.D. at 365.

As to the first factor, Plaintiff is represented by counsel that is highly experienced and skilled in matters relevant to this litigation. Mr. Jonathan Shub and his firm, Kohn, Swift & Graf, P.C. possesses substantial experience in class actions and other complex litigation,

including consumer fraud and consumer protection class actions, such as this.  Mr. Troy M. Frederick of Marcus & Mack, P.C. is an experienced attorney who regularly represents consumers, including those with claims against energy providers, like Defendants.  Mr. Frederick has participated in multiple class actions and other complex litigation, including consumer fraud and consumer protection class actions, such as this.

As to the second factor, Plaintiff and each member of the Settlement Class have similar interests in seeing liability established and damages levied against Defendants.  No conflicts of interest exist.

Having satisfied the four prerequisites of Rule 23(a), Plaintiff need only show that the requirements of one subsection of Rule 23(b) have been met for the claims to be certified for class-wide treatment.  *See Baby Neal*, 43 F.3d at 55.  Plaintiff seeks certification under Rule 23(b)(3), which requires a showing of predominance and superiority.  *Sala v. National Railroad Passenger Corp.*, 120 F.R.D. 494, 498 (E.D. Pa. 1988).

This rule requires only a "predominance of common questions, not a unanimity of them." *Rodriguez v. McKinney*, 156 F.R.D. 118, 119 (E.D. Pa. 1994).  As long as the claims of the class members are not in conflict with each other, class members need not be identically situated and may have individualized issues.  *See O'Keefe v. Mercedes Benz USA, LLC*, 214 F.R.D. 266, 290 (E.D. Pa. 2003).  "The question is whether the class cohesive enough to warranty adjudication by representation."  *Fisher v. Virginia Elec. and Power Co.*, 217 F.R.D. 201, 203 (E.D. Va. 2003).

Here, Defendants' liability turns on whether Defendants misrepresented material facts concerning the rates Defendants charged for supplying electric service to Plaintiffs and Claims and whether Defendants breached the price terms in their agreements with Plaintiff and the Class Moreover, determining whether Settlement Class members were injured will turn on common

proof regarding the extent to which Defendants' rates are higher than competitive rates otherwise available in the market.

The superiority requirement "asks the court to balance, in terms of fairness and efficiency, the merits of the class action against those of alternative available methods of adjudication." *Prudential*, 148 F.3d at 316; *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516 (3d Cir. 2004). Rule 23(b)(3) lists the following factors to guide the superiority inquiry: the class members' interests in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy already begun by or against class members; the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and the likely difficulties in managing a class action. Fed R. Civ. P. 23(b)(3). Plaintiff addresses each factor in turn.

***The interest of individual class members in controlling the litigation.*** It is in the interest of individual class members to proceed with this litigation as a class action. Individual prosecution of these claims is impractical – the cost of litigating a single case would exceed the potential return. "Indeed, the size of each claimant's alleged loss is undoubtedly too small to be economically litigated at all outside of a class action." *In re Mercedes-Benz Antitrust Litig.,* 213 F.R.D. 180, 191 (D.N.J. 2003).

***The extent and nature of litigation already commenced by the class.*** Plaintiff is not aware of other pending litigation seeking relief for the same wrongdoing as is asserted in this proposed class action.

10

***The desirability of concentrating the litigation in a given forum.***  This factor supports certification.  Concentrating the litigation in a single forum will allow the litigation to proceed in an efficient manner without the risk of inconsistent outcomes.

***The case is manageable as a class action.***  Given the overwhelming predominance of the core issues in this case, the major features are easily managed.

***Class treatment is far superior to any alternative available method of adjudication.*** Ultimately, "the superiority requirement asks a district court 'to balance, in terms of fairness and efficiency, the merits of a class action against those of 'alternative available methods' of adjudication.'"  *In re Community Bank of Northern Virginia*, 418 F.3d 277, 309 (3d Cir. 2005) (quoting *Georgine v. Amchem Prods., Inc.,* 83 F.3d 610, 632 (3d Cir. 1996)).  Class treatment is clearly superior to the only available alternative here, an absence of justice for the class members who simply believed they would be charged less than they actually were for Defendants' energy service.

## V.   <u>The Settlement Should be Preliminarily Approved</u>

Review of a proposed class action settlement is a two-step process.  The first step involves preliminary approval of the settlement and the successive procedural steps, such as notice, the claim form, and the schedule for a final fairness hearing.  *See Manual For Complex Litigation* (Fourth) § 21.632 (2004); *see also Klingensmith v. BP Products North America, Inc.,* 2008 WL 4360965, at *5 (W.D. Pa. Sept. 24, 2008); *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 254 (D. Del. 2002).  At the preliminary approval stage, a settlement is presumed to be fair when the negotiations were at arm's length, there was sufficient discovery, and the proponents of the settlement are experienced in similar litigation.  *See In re GMC Pick–Up Truck*

11

*Fuel Tank Prods. Liability Litig.,* 55 F.3d 768, 785 (3d Cir. 1995); *Gates,* 248 F.R.D. at 444.  At step two, after notice to the class and an opportunity for class members to object to the proposed settlement or otherwise be heard, the Court determines whether the settlement is fair, reasonable and adequate and whether the settlement should be finally approved under Federal Rule of Civil Procedure 23(e).  *In re National Football League Players' Concussion Injury Litig.,* 301 F.R.D. 191, 197 (E.D. Pa. 2014).

### A. The Settlement Should Be Preliminarily Approved

Preliminary approval analysis "often focuses on whether the settlement is the product of 'arms-length negotiations.'"  *Curiale v. Lenox Grp., Inc.,* 2008 WL 4899474, at *4 (E.D. Pa. Nov. 14, 2008) (citation omitted); *see also In re Auto. Refinishing Paint Antitrust Litig.,* MDL No. 1426, 2004 WL 1068807, at *2 (E.D. Pa. May 11, 2004) (granting preliminary approval of settlement reached "after extensive arms-length negotiation between very experienced and competent counsel"); *Gates,* 248 F.R.D. at 444 (preliminarily approving settlement where there was "nothing to indicate that the proposed settlement ... [was] not the result of good faith, arms-length negotiations between adversaries").  Here, the parties engaged in strongly contested, arms-length negotiations, including numerous and detailed discussions that spanned several months.  *See Wal-Mart Stores*, 396 F.3d at 116 (quoting Manual for Complex Litigation (Third) § 30.42 (1995)) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.")  (internal quotations marks omitted).

Such value to the class reflects the extensive litigation, including comprehensive discovery, which preceded the settlement and informed the parties' settlement.  The attorneys representing the Settlement Class are experienced litigators in class actions, and they believe that

this settlement provides significant benefits to the Settlement Class, avoids the risk and delays associated with continued litigation, and is in the best interest of the Settlement Class.

At the preliminary approval stage,

> the Court is required to determine only whether the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and whether it appears to fall within the range of possible approval.

*Mehling v. New York Life Ins. Co.,* 246 F.R.D. 467, 472 (E.D. Pa. 2007).  Preliminary approval "is granted unless a proposed settlement is obviously deficient."  *Jones v. Commerce Bancorp, Inc.,* 2007 WL 2085357, at *2 (D.N.J. July 16, 2007); *accord Gates v. Rohm & Haas Co.*, 248 F.R.D. 434, 438 (E.D. Pa. 2008).  Here, there are neither grounds to doubt the fairness of the settlement, nor any obvious deficiencies.

Settlements proposed by experienced counsel and which result from arms-length negotiations are entitled to deference from the court.  *In re Automotive Refinishing Paint Antitrust Litig.*, 2003 WL 23316645, at *6 (E.D. Pa. Sept. 5, 2003);  *see also In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 640 (E.D. Pa. 2003)  ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery."); *Petruzzi's, Inc. v. Darling-Delaware Co.*, 880 F. Supp. 292, 301 (M.D. Pa. 1995) ("[t]he opinions and recommendation of such experienced counsel are indeed entitled to considerable weight."); *Lake v. First Nationwide Bank*, 156 F.R.D. 615, 628 (E.D. Pa. 1994) (giving "due regard to the recommendations of the experienced counsel in this case, who have negotiated this settlement at arms-length and in good faith.").  The initial presumption in favor of such settlements reflects courts' understanding that vigorous

13

negotiations between seasoned counsel protects against collusion and advances the fairness concerns of Rule 23(e).

The settlement falls within the range of reasonableness, and there is a conceivable basis for presuming that the standard applied for final approval—fairness, adequacy, and reasonableness—will be satisfied.

**B.**    **The Proposed Notice Program Satisfies Rule 23 and Due Process and Should Be Approved**

**1.**    **The Proposed Notice Program is Adequate**

As the Supreme Court explained in *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950):

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections . . . The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.

*Id.* at 314.  The notice provisions in the Settlement Agreement ("Notice Program") in this case, described below, meet this standard.

Under Rule 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  What constitutes reasonable effort as well as what constitutes the best notice practicable under the circumstances depends upon the individual facts in the case.  *See In re Prudential Insurance Co. of America Sales Practices Litig.*, 177 F.R.D. 216, 232 (D.N.J. 1997) (quoting *Carlough v. Amchem Products, Inc.*, 158 F.R.D. 314, 325 (E.D. Pa. 1993) ("In all cases the Court should strike an appropriate balance between protecting class members and making Rule 23 workable").

14

The Settlement Administrator, Epiq Class Action & Claims Solutions, Inc., will be responsible for the notice and claims process and bring to the task well-established experts and credentials.  *See Declaration of Cameron Azari, Esq.*, attached hereto as Exhibit "A-5."  Here, Defendants have class members' names, addresses, and (in some instances) email addresses, and Defendants have agreed to provide that information to the Settlement Administrator, who will send direct written notice (the "Short Form Notice") to each class member, attached hereto as Exhibit "A-2." The Short Form Notice also directs class members to an internet website where they can find further information, including the "Long Form Notice," which is attached hereto as Exhibit "A-3."  The Short Form Notice also includes a phone number for class members who wish to request a copy of the Long Form Notice without using the Internet.  Therefore, Plaintiff respectfully requests that the Court approve the forms of notice attached hereto.

## 2.     The Form and Content of the Class Notice is Adequate

The form of the class notice is governed by Rule 23(c)(2), which provides that "[t]he notice must clearly and concisely state in plain, easily understood language:

    (i)     the nature of the action;

    (ii)    the definition of the class certified;

    (iii)   the class claims, issues, or defenses;

    (iv)   that a class member may enter an appearance through an attorney if the member so desires;

    (v)    that the court will exclude from the class any member who requests exclusion;

    (vi)   the time and manner for requesting exclusion; and

    (vii)  the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).  The proposed Short Form Notice and Long Form Notice in this case meet all of these requirements.

### 3.        The Proposed Claim Form is Adequate

To submit a claim, a Class member need only print their name, sign, date and place the claim form in the mail -- postage will be prepaid -- or submit the claim form electronically via the Internet Website.  There is no need to prove class membership.  The Claim Form clearly informs the Settlement Class Members of the process they must follow.  *See* Exhibit "A-4."  The parties believe that the Claim Form is adequate and that the stark simplicity of the process will increase participation from Settlement Class members.

## VI.   <u>Plaintiff's Counsel Should Be Appointed As Class Counsel</u>

Jonathan Shub of Kohn, Swift & Graf, P.C. and Troy M. Frederick of Marcus & Mack, P.C. should be appointed as Class Counsel.  Rule 23(g) enumerates four factors for evaluating the adequacy of proposed counsel:

> (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and types of claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(C)(i).  All of these factors militate in favor of appointing Mr. Shub and Mr. Frederick as Class Counsel.  Counsel has spent a significant amount of time identifying and investigating Plaintiff's claims before filing this case.  *See* Exhibit "A" at ¶ 3.  Mr. Shub and Kohn, Swift & Graf, P.C. have extensive experience in class actions, particularly those involving alleged consumer frauds, as demonstrated by the numerous times the firm and its attorneys have been appointed Class Counsel.  *See Kohn, Swift & Graf, P.C. Firm Resume*, attached hereto as Exhibit "B."  Kohn, Swift & Graf, P.C. is an established law firm that currently litigates dozens

16

of cases in state and federal courts throughout the nation, and they have more than sufficient resources to represent the Class. *Exhibit "A"* at ¶ 17. In addition, Troy M. Frederick is an attorney who regularly represents consumers, including those with claims against energy providers. Mr. Frederick and his firm have participated in multiple class actions and other complex litigation, including consumer fraud and consumer protection class actions, such as this.

## VII.   <u>Conclusion</u>

Plaintiff believes that the settlement is in the best interests of the Settlement Class and meets the requirements for preliminary approval. Therefore, for the reasons set forth above, he respectfully requests that the Court preliminarily approve the settlement and the Settlement Class for the purpose of sending notice of the settlement to the Settlement Class.

Dated:  April 4, 2017                                    Respectfully submitted,

                                                                    /s/ Jonathan Shub
                                                                    Jonathan Shub
                                                                    Kevin Laukaitis
                                                                    **KOHN SWIFT & GRAF, P.C.**
                                                                    One South Broad Street, Suite 2100
                                                                    Philadelphia, PA 19107
                                                                    (215) 238-1700 Telephone
                                                                    (215) 238-1968 Facsimile
                                                                    Email: jshub@kohnswift.com
                                                                    Email: klaukaitis@kohnswift.com

                                                                            and

                                                                    Troy M. Frederick, Esquire
                                                                    **Marcus & Mack, P.C.**
                                                                    57 South Sixth Street
                                                                    Indiana, PA 15701
                                                                    Phone: (724) 349-5602
                                                                    Fax: (724) 349-8362
                                                                    Email: TFrederick@Marcusandmack.com

                                                                    *Counsel for Plaintiff and the Class*